IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT FLEMING,

    Petitioner,

v.                                  Civil Action No. 5:13CV48
                                  (Criminal Action No. 5:09CR21-07)
UNITED STATES OF AMERICA,                        (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**
**AND OVERRULING THE PETITIONER'S OBJECTIONS**

I.    Background

The pro se[1] petitioner, a federal inmate, filed a motion under 28 U.S.C. § 2255 ("§ 2255"). In that motion, the petitioner asserts the following claims: (1) he involuntarily and unknowingly entered into his plea agreement; (2) he received ineffective assistance of counsel regarding his sentence; and (3) the Government breached his plea agreement. Previously, the petitioner pleaded guilty to aiding and abetting in the distribution of cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860, and 18 U.S.C. § 2. The plea agreement contained a waiver of his appellate rights and a waiver as to collaterally attacking his sentence. Ultimately, the petitioner received a 121-month sentence. Later,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

the petitioner appealed his sentence. In that appeal, the petitioner claimed that he entered into his plea both involuntarily and unknowingly, that he received ineffective assistance of counsel, and that the Government breached his plea agreement. The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence.

United States Magistrate Judge Robert W. Trumble filed a report and recommendation, wherein he recommends that the petitioner's petition be dismissed for two reasons. ECF No. 12. First, the magistrate judge points out that the Fourth Circuit previously affirmed that the petitioner knowingly and voluntarily entered into his plea, and that the Government did not breach the plea agreement. Because the Fourth Circuit already ruled on those claims, the petitioner should be barred from attempting to relitigate those claims under the "mandate rule." Second, as to his claim of ineffective assistance of counsel, the petitioner failed to satisfy the standard under Strickland v. Washington, 466 U.S. 668 (1984). Therefore, the magistrate judge recommended that the petitioner's petition be dismissed.

The petitioner timely filed objections. ECF No. 15. The petitioner claims that the government promised him future reductions in his sentence, and under that promise, he entered into his plea agreement. In particular, the petitioner believes that he was promised a one-level reduction for timely acceptance of

responsibility, pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3E1.1(b). Further, the petitioner claims that his counsel was ineffective for letting him enter into his plea agreement. For those reasons, the petitioner objects to the report and recommendation of the magistrate judge.

For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted. Accordingly, the petitioner's objections are OVERRULED.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

## III. Discussion

As stated above, the petitioner asserts three grounds for relief. The first and third ground are that he unknowingly and involuntarily entered into his guilty plea and that the Government breached his plea agreement. The second ground for relief is a claim of ineffective assistance of counsel. Those arguments will be discussed below in the order presented.

A. Grounds One and Three Are Barred by the Mandate Rule

The "mandate rule" provides that the "mandate of a higher court is 'controlling as to matters within its compass.'" United

States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939)). It acts to "compel compliance on remand with the dictates of a superior court and **forecloses relitigation of issues expressly or impliedly decided by the appellate court.**" Bell, 5 F.3d at 66 (emphasis added). Therefore, any issues raised and rejected on direct appeal are barred from further review by this Court. See, e.g., Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam); see also Herman v. United States, 227 F.2d 332 (4th Cir. 1955) (per curiam).

On direct appeal, the petitioner first argued that he unknowingly and involuntarily entered into his plea agreement. Criminal Action No. 5:09CR21-07, ECF No. 460. The Fourth Circuit assessed the petitioner's plea hearing, wherein the petitioner affirmed his understanding of the terms and conditions of his plea agreement. The Fourth Circuit found that the petitioner did not "offer a credible basis on which to doubt" the veracity of his statements about knowingly and voluntarily entering into his plea agreement. Id. The petitioner also argued on direct appeal that the government breached his plea agreement. The Fourth Circuit, however, stated that the court reviewed the record and the petitioner's claims, and "found no meritorious issues for appeal." Id. The Fourth Circuit affirmed the petitioner's conviction and sentence. The petitioner cannot attempt to relitigate those claims

4

now before this Court. The mandate rule is clear, and this Court will comply with such rule. Therefore, the petitioner's motion as to claims one and three must be denied.

In his objections, the petitioner believes that he was promised an additional reduction to his sentence under U.S.S.G. § 3E1.1(b). In particular, he contends that the Government promised to move for the one-level reduction in his sentence. Under that section of the sentencing guidelines, it states the following:

> b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and **upon motion of the government** stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, **decrease the offense level by 1 additional level**.

U.S.S.G. § 3E1.1(b) (emphasis added). However, the petitioner's plea agreement explicitly states that the Government would "not recommend a third level of reduction under U.S.S.G. 3E1.1" because "the defendant did not execute the plea agreement until after the deadline provided for in an earlier plea letter." Criminal Action No. 5:09CR21-07, ECF No. 304. Moreover, the petitioner's pre-sentence report reiterates that the Government would not move for the one-level reduction. Id. Contract law guides the interpretation of plea agreements, and the "parties to the

5

agreement should receive the benefit of the bargain." United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997). Here, the plea agreement explicitly states that the Government would not move for the one-level reduction. In addition to that clear language in the agreement, it should be noted that a district court cannot grant the one-level reduction in the absence of a motion by the Government. United States v. Chase, 466 F.3d 310, 316 (4th Cir. 2006). Based on the record and the law before this Court, it is clear that the petitioner's objections lack any merit. Therefore, those objections are overruled, and the report and recommendation of the magistrate judge is affirmed and adopted as to petitioner's first and third claims.

B. Petitioner's Ineffective Assistance of Counsel Claim Lacks Merit

In the petitioner's second claim, he argues that his counsel inadequately explained the criminal proceedings he encountered. More specifically, he contends that his counsel indicated that he would receive a shorter sentence, and that his counsel insufficiently tried to obtain a sentence similar to those of the petitioner's co-defendants in the underlying criminal action.

The record shows that the petitioner has not proffered any proof that satisfies the standard as set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The holding in Strickland requires that the petitioner "demonstrate both that his counsel's performance fell below the standard of objective reasonableness and

6

that the deficient performance was prejudicial to his defense." United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014) (citing Strickland, 466 U.S. at 687-88). During the petitioner's plea hearing, this Court asked the petitioner whether he believed his counsel "adequately and effectively represented" him throughout the criminal action, to which the petitioner answered, "Yes, sir." Criminal Action No. 5:09CR21-07, ECF No. 372. This Court also asked the petitioner whether he believed that his counsel "left anything at all undone that you think he should have done on your behalf," to which he responded, "No, sir." Id. Finally, this Court asked the petitioner whether he believed that he "fully [understood] the consequences of a guilty plea in this case," to which the petitioner answered, "Yes, sir." Id. All of those statements and responses, as well as other similar exchanges, were made under oath before this Court. As the Supreme Court of the United States has stated, "[s]olemn declarations in open court carry a strong presumption of verity" in the plea hearing context. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Looking at the under-oath statements by the petitioner at his sentencing, it is clear that he attested to not only his understanding of the proceedings, but also to the effectiveness of his counsel. Notwithstanding the petitioner's clear statements at his plea hearing, the petitioner's counsel obtained a lower sentence under the petitioner's plea agreement than what would normally be found

under the sentencing guidelines. Such a result does not satisfy the first or second element of the test set forth in Strickland. Based on the record, this Court finds that the petitioner's second claim lacks merit. Thus, the report and recommendation of the magistrate judge must be affirmed and adopted in its entirety.

IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 12) is AFFIRMED AND ADOPTED. Further, the petitioner's objections (ECF No. 15) are OVERRULED. Accordingly, the petitioner's motion under § 2255 (ECF No. 1) is DENIED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal this order of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     October 16, 2015

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE